ORIGINAL    cc: JAO/KJM/File

U.S. District Court of Hawaii: Civil Division

Meeks, Rasondo:
1625 Leilehua Lane
Honolulu, Hawaii (96813)
Plaintiff,

VS.:

Oahu Professional Services, Inc.,
Dba CertaPro Painters of Oahu:
99-048 Koaha Way, Suite 3
Aiea, Hawaii 96701

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 29 2021
at 10 o'clock and 15 min. A M
MICHELLE RYNNE, CLERK
LJ
IFP subm.

CV21 00290 JAO KJM

### Racial Discrimination Complaint w/ Exibit A

The Plaintiff; Meeks, Rasondo, sui Juris, sues the defendant Oahu Professional Services, Inc., dba CertaPro Painters of Oahu. In support, Plaintiff states the following:

1. Plaintiff Meeks, Rasondo domiciles at 1625 Leilehua Lane within Oahu

2. Defendant resides at 99-048 Koaha Way, Suite 3 in Aiea within Oahu. The registered agent(s) for this defendant resides in Kaimuki within Oahu

3. This racial and discrimination action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, and pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202. This lawsuit is brought in accordance to the "The Civil Rights Act of 1866," 42 U.S.C. § 1981, and 1981a and The Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991. Equitable and all reliefsare sought under 42 U.S.C. 2000e-5(g)

4. Plaintiff is a Blackamoor American within the United States, and domiciles within the boarders of Hawaiian Republic. Plaintiff is contracted with Oahu Professional

cc: File: Pro Se Handbook

Services, Inc., dba CertaPro Painters of Oahu for five and half years, and have been subjected to unfair biased treatment amongst my working peers.

5. On 8 May 2019 a charge was filed with the Hawaiian Civil Rights Commission on the bases of racial discrimination and marginalization. On 1 April 2021 the Notice of Right to Sue was issued by Equal Employment Opportunity Commission (EEOC). This documentation is attached as Exhibit "A".

6. During plaintiffs third and fourth years at CertaPro Painters, Defendants created and environment that undermined Rasondos potential for growth financially and promotionally. The plaintiff was also the only person of his specific ethnicity to be contracted with the company duringhis tenure, and was continuously overlooked and passed upon for promotion by those of another ethnicity, regardless of time in thè company which was accompanied by skill sets.

7. CertaPro also created company policies that were solely enforced on those whom the company wished to hold accountable, while others where unaffected. These practices where unwarranted, unmasked, and frequent. Others within the company also witnessed thesubtle ongoing racially discriminative tactics and marginalization that was placed upon the plaintiff. One of the most blatant and disrespectful experience was receiving a birthday card with a monkey in a dunce cap accompanied by a gift card; which was presented to the plaintiff in a sealed envelope (with no knowledge of internal content), by production manager.

8. Plaintiff also had/ has the backing of Production Manager, who recognized his skill set and pushed for him to be promoted, to no avail. Plaintiff was foreman of several jobs for the company at his base wages on multiple occasions proving his worth, and was yet overlooked on several occasions for promotion by those outside his ethnicity. Defendant used a cellphone app to clock in (personal device) against Plaintiff as reason for no promotion, while both parties had a verbal agreement for remedy, which plaintiff started to fulfill, and was subjected to a verbal breach of contract.

9. Defendant also failed on multiple occasions to pay plaintiff for hours worked, and deducted moneys/ hours owed defendant from payroll. In one instance defendant argues plaintiff violated mandatory lunches and deducted thirty minutes of pay from a five-and-a-half-hour workday. Company policy states over five hours to take a lunch: The defendants give leniency to those working on projects over the weekend, adjustments for this were formulated by the

foreman; who went to lunch, as I worked through to ensure a finish work in a under bided timeline.

10. CertaPro of Oahu failed to provide equal treatment and remedy practices within its workforce fairly based on ethnicity, and is thereby liable for such discrimination under Title VII. The plaintiff addressed his concerns as these issues transpired with the defendant, who offered to place the complaint in the defendants file; with no remedy or salvageable solution to breach of contract(s) made in good faith!

11. As a result of the plaintiff's good faith actions and opposition to beingdiscriminated against on a race-based criterion, the defendants marginalized and subjected the plaintiff to harsher work condition, unfair pay practices, and demeaning treatment.

WHEREFORE, Plaintiff, Meeks, Rasondo, respectfully request that this court enter a judgement against the Defendant(s) and provide the following relief:

a. Award compensatory for race discrimination, retaliatory actions, and hostile work environment
b. Award damages, to include loss of pay and loses from failure to promote
c. Award cost and reasonable attorney
d. Award and grant any and all suitable remedies and relief which the Court may consider suitable and fundamental.

Plaintiff demands for a jury trial of all issues