IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RASONDO MEEKS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>OAHU PROFESSIONAL SERVICES, INC. dba CERTAPRO PAINTERS OF OAHU,<br><br>　　　　　Defendant. | CIVIL NO. 21-00290 JAO-KJM<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS |

**ORDER DENYING PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS**

Before the Court is Plaintiff Rasondo Meeks' ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application"), filed June 29, 2021. ECF No. 2. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under

the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Based on the present record, the Court is unable to ascertain whether Plaintiff is entitled to proceed IFP. Paragraph three of the Application requires identification of all sources of income for the past 12 months. For the identified source(s) of income, a plaintiff must describe the source of money and state the amount received and the amount he expects to receive in the future. Here, Plaintiff represents that he received disability or worker's compensation payments and other sources of income. However, he did not provide the amount of the disability or worker's compensation payments, nor the amount he expects to receive in the future. The same is true of the $1,400 stimulus check. It appears this may be from the latest round of federal stimulus checks. Because the Application requests income from the *past 12 months*, Plaintiff presumably would have received prior stimulus checks as well. Until Plaintiff provides all requested information, the Court cannot ascertain whether he is entitled to proceed IFP.

For these reasons, the Court DENIES WITHOUT PREJUDICE Plaintiff's IFP Application. If Plaintiff wishes to resubmit an Application addressing the identified deficiencies, he must do so by **July 14, 2021**. Plaintiff must provide all information requested in the Application; in particular, the amount of disability or worker's compensation payments and other sources *received in the past 12 months*

and the amounts expected in the future.  Plaintiff may alternatively pay the applicable filing fee by **July 14, 2021**.  Failure to file another IFP Application or submit the applicable filing fee by **July 14, 2021** will result in the dismissal of this action.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, June 30, 2021.

Jill A. Otake
United States District Judge

CV 21-00290 JAO-KJM; *Meeks v. Oahu Professional Services, Inc.*; ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

3