IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RASONDO MEEKS, | CIVIL NO. 21-00290 JAO-KJM |
| Plaintiff, | ORDER DISMISSING ACTION |
| vs. | |
| OAHU PROFESSIONAL SERVICES, INC. dba CERTAPRO PAINTERS OF OAHU, | |
| Defendant. | |

**ORDER DISMISSING ACTION**

Pro se Plaintiff Rasondo Meeks' ("Plaintiff") commenced this action on June 29, 2021 and filed an Application to Proceed In Forma Pauperis ("IFP Application"). ECF Nos. 1–2. On June 30, 2021, the Court denied the IFP Application because it was incomplete. ECF No. 4.

On July 8, 2021, Plaintiff filed another IFP Application. ECF No. 5. The Court denied the IFP Application because Plaintiff's income was too high. ECF No. 6. The Court ordered Plaintiff to pay the filing fee by July 29, 2021 and cautioned that failure to do so would result in the dismissal of this action. *Id.* at 2.

To date, Plaintiff has not paid the filing fee. Courts do not take failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b)

authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits.  *See* Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).  Although the Court recognizes that Plaintiff is proceeding pro se, he is not exempt from complying with all applicable rules.  *See* Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's failure to pay the applicable filing fee, in violation of the Court's order, the *Pagtalunan* factors support dismissal of this action.  The public's interest in expeditious resolution of this litigation strongly favors dismissal, *see Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191

F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quotation marks omitted)), as does the Court's need to manage its docket. *See id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, there is no risk of prejudice to Defendant because it has yet to be served or appear. Finally, there are no less drastic alternatives available at this time. The case cannot proceed without payment of the filing fee. The Court provided Plaintiff with nearly two weeks — more than ample time — to comply, and even delayed issuing this Order.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

## CONCLUSION

In accordance with the foregoing, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, August 4, 2021.



Jill A. Otake
United States District Judge

CV 21-00290 JAO-KJM; *Meeks v. Oahu Professional Services, Inc.*; ORDER DISMISSING ACTION